Filed 11/23/21

# CERTIFIED FOR PUBLICATION

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# SECOND APPELLATE DISTRICT

# DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B312152 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA069209) |
| v. | |
| JORGE LUIS MONTES, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Richard M. Goul, Judge. Reversed and remanded with instructions.

Kravis, Graham & Zucker and Randy S. Kravis for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Noah P. Hill, Deputy Attorneys General, for Plaintiff and Respondent.

———————————

## FACTUAL AND PROCEDURAL BACKGROUND

On April 17, 2008, a jury convicted appellant Jorge Luis Montes of two counts of attempted murder in violation of Penal Code[1] sections 664 and 187, subdivision (a), and one count of mayhem in violation of section 203. The jury found true allegations that 1) the attempted murders were committed willfully, deliberately, and with premeditation; 2) the offenses were committed for the benefit of, at the direction of, and in association with a criminal street gang; 3) during the commission of the offenses, a principal was armed with a firearm; and 4) a principal personally and intentionally discharged a firearm, which proximately caused great bodily injury upon the victims. On May 16, 2008, the trial court sentenced appellant to two consecutive life terms with a possibility of parole for the two attempted murder convictions plus a consecutive 25-year-to-life term for the firearm allegations.

On December 18, 2009, this court affirmed the judgment of conviction. (See *People v. Montes* (Dec. 18, 2009, B208021) [nonpub. opn.].)[2]

In 2018, the Legislature passed and the Governor approved Senate Bill No. 1437 (2017–2018 Reg. Sess.), which came into effect January 1, 2019. (Stats. 2018, ch. 1015, § 4.) Section 1170.95 was enacted as part of the legislative changes effected by Senate Bill No. 1437.

---

[1] Undesignated statutory references are to the Penal Code.

[2] On June 14, 2021, we granted appellant's request to take judicial notice of the record in case No. B208021.

On February 25, 2021, appellant with private counsel filed a petition for resentencing pursuant to section 1170.95. In his petition, appellant argued he qualifies for resentencing under section 1170.95 "because he was not the actual killer, he was convicted under a natural and probable consequences theory, he did not have any intent to kill, he was not a major participant in the underlying felony and he did not act with reckless indifference to human life."

On March 4, 2021, the trial court issued a written order denying appellant's petition, without ordering additional briefing or issuing an order to show cause. The trial court found appellant ineligible for relief because he was convicted of attempted murder, not murder. The court found appellant ineligible for relief for two other reasons as well, namely, that appellant "possessed the intent to kill or the jury could not have convicted him of attempted murder; and [appellant] was a major participant who acted with reckless disregard for human life."

Appellant filed a timely notice of appeal.

On October 5, 2021, while appellant's appeal was pending, the Governor signed into law Senate Bill No. 775 (2020–2021 Reg. Sess.). Effective January 1, 2022, Senate Bill No. 775 amends section 1170.95. In light of this recent legislation we asked the parties to file supplemental briefs addressing Senate Bill No. 775's effect, if any, on appellant's pending appeal. Both parties have submitted supplemental briefs which we have reviewed.

## DISCUSSION

Appellant contends the trial court erred in summarily denying his petition for resentencing without ordering further briefing and without issuing an order to show cause. He argues

the trial court erred in concluding that the crime of attempted murder is categorically excluded from the purview of section 1170.95.  Appellant also argues the trial court erred when it found appellant possessed the intent to kill.  Finally, appellant argues the trial court improperly engaged in factfinding before issuing an order to show cause under section 1170.95, subdivisions (c) and (d)(1).

For reasons discussed below, we reverse and remand with instructions.

A.    *Applicable Law*

In 2018, the Legislature passed Senate Bill No. 1437 to "amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life."  (Stats. 2018, ch. 1015, § 1, subd. (f).)  Senate Bill No. 1437 amended section 188 to require that a principal "shall act with malice aforethought.  Malice shall not be imputed to a person based solely on his or her participation in a crime."  (§ 188, subd. (a)(3).)

Senate Bill No. 1437 also added section 1170.95, which sets forth the procedure by which a "person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts."  (§ 1170.95, subd. (a).)  Pursuant to section 1170.95, an offender must file a petition (along with a declaration) in the sentencing court averring that: "(1) A complaint, information, or indictment was filed against the

4

petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder. [¶] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subds. (a)(1)–(3); see also § 1170.95, subd. (b)(1)(A).)

Once a complete petition is filed, the court determines whether "the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. . . . If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause." (§ 1170.95, subd. (c).)

After the court issues an order to show cause, a hearing is held to determine whether to vacate the murder conviction, recall the sentence, and resentence the petitioner on any remaining counts. (§ 1170.95, subd. (d)(1).) At the hearing, "the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing. If the prosecution fails to sustain its burden of proof, the prior conviction, and any allegations and enhancements attached to the conviction, shall be vacated and the petitioner shall be resentenced on the remaining charges. The prosecutor and the petitioner may rely on the record of conviction or offer new or additional evidence to meet their respective burdens." (*Id.*, subd. (d)(3).)

On October 5, 2021, the Governor signed into law Senate Bill No. 775, which expands the section 1170.95 petition process to include individuals convicted of "attempted murder under the natural and probable consequences doctrine." (Legis. Counsel's Dig., Sen. Bill No. 775 (2020–2021 Reg. Sess.).)  The effective date of non-urgency legislation such as Senate Bill No. 775, passed during the regular legislative session in 2021, is January 1, 2022.  (Cal. Const., art. IV, § 8, subd. (c); Gov. Code, § 9600, subd. (a); *People v. Camba* (1996) 50 Cal.App.4th 857, 865 [Under the California Constitution, a statute enacted at a regular session of the Legislature generally becomes effective on January 1 of the year following its enactment except where the statute is passed as an urgency measure and becomes effective sooner].)

B.  *Analysis*

The first question before us is whether the new legislation—Senate Bill No. 775—applies to appellant's pending appeal.  New legislation generally applies to all judgments which are not final as of the effective date of the new statute.  (*People v. Vieira* (2005) 35 Cal.4th 264, 305–306; *People v. Nasalga* (1996) 12 Cal.4th 784, 789, fn. 5 [a criminal judgment is not final until the time for petitioning for a writ of certiorari in the United States Supreme Court has passed].)  Where it is unlikely that a judgment will be final by the effective date of new legislation, courts have remanded matters to the trial courts so that the new statute can be applied after its effective date.  (*People v. Garcia* (2018) 28 Cal.App.5th 961, 973.)

Both parties acknowledge in their supplemental briefs that the order here will not be final until after the effective date of Senate Bill No. 775.  To promote judicial economy and efficiency, we opt to apply the revised provisions set forth in Senate Bill

6

No. 775 to appellant's case now. Doing so means that appellant is eligible for resentencing relief under section 1170.95 by virtue of his attempted murder conviction so long as appellant was convicted under a natural and probable consequences theory.

Thus, we proceed to address the second question before us, i.e., whether appellant was convicted of attempted murder *under a natural and probable consequences theory*. The record shows the jury was instructed with CALCRIM No. 403, which sets forth the elements for the natural and probable consequences doctrine. During closing argument, the prosecutor referred to the natural and probable consequences doctrine, provided the jury with examples of what natural and probable consequences could arise in appellant's circumstances, and argued that a reasonable person in appellant's shoes would know that an assault may lead to an attempted murder. Because appellant's jury was instructed on the natural and probable consequences doctrine for attempted murder, appellant may establish a prima facie showing of eligibility. (See *People v. Lewis* (2021) 11 Cal.5th 952, 971–972 [where the record of conviction does not refute the claims of eligibility in the section 1170.95 petition, the petitioner has made a prima facie showing for relief].)

In light of the foregoing, we find the first ground provided by the trial court in its March 4, 2021 order denying appellant's resentencing petition not valid now that section 1170.95 has been amended by Senate Bill No. 775. We proceed to address the trial court's remaining two grounds for denial of the petition.

First, the trial court found appellant ineligible for resentencing relief because appellant "possessed the intent to kill or the jury could not have convicted him of attempted murder." The trial court inferred from the jury's finding of guilt that the

7

jury must have found appellant possessed the intent to kill, qualifying him for criminal liability with the requisite malice aforethought.  The trial court's reasoning here is flawed.

When appellant was found guilty of attempted murder under a natural and probable consequences theory of liability, the "intent to kill" was imputed onto appellant from the actual killer or perpetrator.  (*People v. Sanchez* (2020) 46 Cal.App.5th 637, 642 [The natural and probable consequences doctrine therefore imputes specific intent to kill in attempted murder convictions; the actions of the perpetrator are imputed to the accomplice].)  Vicarious liability is imposed "for any offense committed by the direct perpetrator that is a natural and probable consequence of the target offense.  [Citation.]  Because the nontarget offense is unintended, the mens rea of the aider and abettor with respect to that offense is irrelevant." (*People v. Canizalez* (2011) 197 Cal.App.4th 832, 852.)  Here, the jury found appellant guilty of attempted murder because the perpetrator (not appellant) intended to kill and the perpetrator's attempted murder was a natural and probable consequence of appellant's intent to participate in the target offense of assault.  In other words, the jury here did not consider appellant's own intent to kill for purposes of the attempted murder crimes, as appellant's intent to commit the non-target offense is irrelevant.

Additionally, as already mentioned, Senate Bill No. 1437 prohibited imputing malice to persons based solely on their participation in a crime.  (*People v. Sanchez, supra*, 46 Cal.App.5th at p. 642.)  The enactment of Senate Bill Nos. 1437 and 775 shows the Legislature's recognition of the need for statutory changes to more equitably sentence offenders in relation to their involvement in the criminal activity.  (See, e.g.,

8

*People v. Rodriguez* (2020) 58 Cal.App.5th 227, 240, fn. 7.)  That legislative goal is best effectuated by resentencing individuals convicted of attempted murder under the natural and probable consequences doctrine if the evidence, whether from the record of conviction alone or with new and additional evidence introduced at the section 1170.95, subdivision (d)(3) hearing, fails to establish beyond a reasonable doubt they, in fact, acted during the crime with the now-required mental state.  (*Id*. at pp. 240-241.)  "To deny resentencing simply because a jury could have found that they may have acted with express malice would frustrate the legislation's purpose."  (*Id*. at p. 241.)  That is exactly what happened here when the trial court found appellant ineligible for relief because he "possessed the intent to kill or the jury could not have convicted him of attempted murder."

The final ground on which the trial court found appellant ineligible for relief was because appellant "was a major participant who acted with reckless disregard for human life."  We believe this constitutes inappropriate factfinding by the trial court at the initial prima facie stage of this process.  Factfinding is reserved for and exercised only after an order to show cause is issued and the parties are permitted to supplement the record with new evidence, including, if requested, by way of an evidentiary hearing.  (*People v. Duchine* (2021) 60 Cal.App.5th 798, 815.)  The trial court's denial of appellant's petition based on its own determination that appellant was a major participant who acted with reckless disregard for human life was improper at the prima facie stage of appellant's resentencing petition.

Based on the foregoing, we reverse the trial court's order denying appellant's section 1170.95 petition, and remand with directions to the trial court to permit the parties to brief whether

appellant has established a prima facie basis for resentencing relief and, if so, to hold further proceedings consistent with section 1170.95, subdivision (c), *after January 1, 2022,* the effective date of Senate Bill No. 775.

## DISPOSITION

The order denying the section 1170.95 petition is reversed; we remand the matter to trial court to hold further proceedings in accordance with section 1170.95, subdivision (c), after January 1, 2022.

## CERTIFIED FOR PUBLICATION


STRATTON, J.

We concur:



GRIMES, Acting P. J.



OHTA, J.\*

---

\*       Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.